# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIELE BALIACH, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:10-1455 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| HILLARY CLINTON, U.S. Secretary of State et al | : | |
| | : | |
| Respondents | | |

# **REPORT AND RECOMMENDATION**

On June 25, 2010, the petitioner filed the instant action pursuant to 28 U.S.C. §2241 in the Eastern District of Pennsylvania. On July 14, 2010 the Eastern District Court issued an order transferring this action to the Middle District of Pennsylvania. In the petition it appears that the petitioner challenges his detention pending his removal from the United States. (Doc. No. 1.) An order to show cause was issued on July 20, 2010. (Doc. No. 7). A response to the petition was filed on August 10, 2010. (Doc. No. 13). On August 25, 2010 the petitioner filed a Traverse. (Doc. No. 15). On October 15, 2010, the respondent submitted a notice to the court, which indicates that the petitioner was removed from the United States on September 13, 2010 to Kenya. (Doc. No. 18). Accordingly, the court finds that the petition is moot.

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288

F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction–in other words, if the petitioner is challenging solely his custody and not the cause of it–he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[1] Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971);

---

[1]In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

2

DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to receive. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the court finds that the instant petition is moot. The petitioner has been removed from the United States and is no longer subject to detention pending removal. Therefore, the petitioner has received the relief he sought in this court, and there is nothing more that the court could do for him.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petitioner's petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** as moot.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
United States Magistrate Judge

Date: October 29, 2010

O:\shared\REPORTS\2010 Reports\10-1455-01.wpd